IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL L. FERGUSON, MYRL C. JEFFCOAT and DEBORAH SMITH, Individually and as Representatives of a Class of Similarly Situated Plan Participants and Beneficiaries, and on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN,<br>　　　　　Plaintiffs,<br>v.<br>RUANE, CUNNIFF & GOLDFARB INC.; DST SYSTEMS, INC.; THE ADVISORY COMMITEE OF THE DST SYSTEMS, INC. 410(K) PROFIT SHARING PLAN; and THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF DST SYSTEMS, INC.,<br>　　　　　Defendants | Civil Action No. 1:17-cv-06685-ALC-BCM<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED:　　　10/25/2023<br><br>**FINAL APPROVAL ORDER, JUDGMENT, AND PERMANENT INJUNCTION** |
| JULIE A. SU, Acting U.S. Secretary of Labor,<br>　　　　　Plaintiff,<br>v.<br>RUANE, CUNNIFF & GOLDFARB, INC.; DST SYSTEMS, INC.; ROBERT D. GOLDFARB; THE ADVISORY COMMITTEE OF THE DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN; THE COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF DST SYSTEMS, INC.; KENNETH V. HAGER; RANDALL D. YOUNG; GREGG W. GIVENS; GERARD M. LAVIN; M. ELIZABETH SWEETMAN; DOUGLAS W. TAPP; GEORGE L. ARGYROS; LAWRENCE M. HIGBY; TRAVIS E. REED; LOWELL L. BRYAN; SAMUEL G. LISS; BRENT L. LAW; LYNN DORSEY BLEIL; CHARLES E. HALDEMAN, JR.; JEROME H. BAILEY; GARY D. FORSEE; and the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN,<br>　　　　　Defendants. | Civil Action No. 19-cv-09302-ALC-BCM |

| | |
|---|---|
| MICHAEL L. FERGUSON, MYRL C. JEFFCOAT and DEBORAH SMITH, Individually and as Representatives of a Class of Similarly Situated Plan Participants and Beneficiaries, and on behalf of the DST SYSTEMS, INC. 401(K) PROFIT SHARING PLAN,<br>　　　　　　　　Plaintiffs,<br>　　v.<br>ROBERT D. GOLDFARB,<br>　　　　　　　　Defendant. | Civil Action No. 1:20-cv-07092-ALC-BCM |

The Court, having received and considered the Motion for a Final Approval Order of Plaintiffs Michael L. Ferguson, Myrl C. Jeffcoat, and Deborah Smith (collectively, "Named Plaintiffs"), dated October 3, 2023 (the "Motion"), the papers filed in support of the Motion, and the declarations of counsel; having further considered the arguments of counsel and the pleadings and record in this case; and finding good cause for granting the Motion,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

　　1.　　**Jurisdiction:**  The Court has subject-matter jurisdiction over the Action, as well as over the *Su* Action, *Ferguson II*, and the *DST* Action, and all matters relating to the Settlement under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), as well as personal jurisdiction over all of the Settling Parties and the Settlement Class.

　　2.　　**Incorporation of Settlement Documents:**  This Final Approval Order, Judgment, and Permanent Injunction incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on July 14, 2023, including the exhibits submitted therewith; and (b) the Class Notice approved by the Court on August 3, 2023.  *See* ECF No. 476.  Capitalized terms not defined in this Final Approval Order, Judgment, and Permanent Injunction shall have the meaning ascribed to them in the Settlement Agreement.

3.  **Class Certification:** Consistent with this Court's findings of fact, conclusions of law, and determinations of any mixed fact/law questions in its Memorandum and Order dated August 17, 2021, ECF No. 311 (the "Certification Order"), the Court previously held that the mandatory Settlement Class should be certified, on a preliminary basis, under Federal Rules of Civil Procedure 23(a) and 23(b)(1). The Court confirms that the class preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) is appropriate for the reasons set forth in its Preliminary Approval Order, as well as in its Certification Order, and hereby finally certifies the following Settlement Class:

> All Participants in the Plan from March 14, 2010 through July 31, 2016 (the "Class Period"), *except:* (i) all individuals who during the Class Period were members of the Advisory Committee; (ii) all individuals who during the Class Period were members of the Compensation Committee; (iii) any other individuals who served as fiduciaries of the Plan during the Class Period; and (iv) the beneficiaries, immediate family members, estates, and executors of (i)-(iii).

4.  **Notice:** The Court finds that the dissemination of the Class Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) together with the Preliminary Approval Order, constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of (i) the pendency of the Action, (ii) the effect of the Settlement Agreement (including the benefits of the Settlement and the release of the Defendant Releasees by Plaintiffs, as well as the Permanent Injunction), (iii) Persons' right to object to the Settlement and appear at the Fairness Hearing, and (iv) Class Counsel's application for Settlement Administration Expenses, Independent Fiduciary Fees and Costs, CAFA Fees and Costs, Attorneys' Fees and Expenses, and Case Contribution Award(s), as well as Arbitration Counsel's and *Canfield/Mendon* Counsel's application for attorney's fees and expenses; (d) constituted due, adequate, reasonable, and sufficient notice to all Persons or entities entitled to receive notice of the proposed Settlement;

and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

5. **Objections:**  The Court finds that no objections were filed to the Settlement or any of the related applications.

6. **Final Settlement Approval:**  Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby approves the Settlement and the terms thereof as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.  The Court finds that the Settlement is fair, reasonable, and adequate to the Plan, Class Members and other affected Persons based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

   (a) The Settlement resulted from arm's-length negotiations by experienced and competent counsel, including through a mediation before an experienced mediator, Robert A. Meyer;

   (b) The Settlement was negotiated after Class Counsel and Julie A. Su, the Acting United States Secretary of Labor (the "Secretary"), had conducted a pre-settlement investigation and received pertinent information and documents from Ruane, Cunniff & Goldfarb Inc.; Robert D. Goldfarb; and the *Ferguson* DST Defendants;

   (c) Class Counsel and Named Plaintiffs were well-positioned to evaluate the value of the Action and the claims of the DST Systems, Inc. 401(k) Profit Sharing Plan;

   (d) If the Settlement had not been achieved, Named Plaintiffs and the Class Members faced significant expense, risk, and uncertainty in connection with the litigation, which likely would have been prolonged;

   (e) The Total Settlement Payment is fair, reasonable, and adequate in light of the claims that were asserted, the risks of litigation, and settlements in other similar cases, and the Plan of Allocation is also fair, reasonable, and appropriate;

   (f) Class Counsel and Named Plaintiffs support the Settlement, and have concluded that the Settlement Agreement is fair, reasonable, and adequate;

(g) Class Members had the opportunity to be heard on all issues relating to the Settlement, including attorney's fees and expenses and Case Contribution Award(s), by submitting objections to the Court.  There were no objections to the Settlement or any of the related applications.

(h) Other Persons that may be potentially impacted by the Settlement, including the Permanent Injunction referred to below, have likewise had the opportunity to be heard.

(i) The Settlement also was reviewed by an Independent Fiduciary, Fiduciary Counselors Inc., who has approved and authorized the Settlement.

7. The Motion for Final Approval of Class Action Settlement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Settling Parties, and, as to any provisions applicable to them, the Secretary, Arbitration Counsel, and *Canfield/Mendon* Counsel are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8. Class Counsel's Motion for Attorneys' Fees and Expenses is hereby GRANTED, and the request for Case Contribution Award(s) is hereby approved.  Arbitration Counsel's Motion for Attorneys' Fees and Expenses is hereby GRANTED.  *Canfield/Mendon* Counsel's Motion for Attorneys' Fees and Expenses is hereby GRANTED.  The payment of all attorneys' fees and expenses hereby awarded shall be made pursuant to the terms of the Settlement Agreement.

9. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court fully and finally approves the Settlement set forth in the Settlement Agreement in all respects including, without limitation, the terms of the Settlement; the releases and discharges provided for therein; the dismissal with prejudice of the claims asserted in the Action, and, as set forth in the Settlement Agreement, the claims asserted in the *Su* Action, *Ferguson II*, and the *DST* Action; and the Permanent Injunction.  The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of Named Plaintiffs, the Settlement Class, and the Plan.  The Settling Parties, and, as to any provisions

applicable to them, the Secretary, Arbitration Counsel, and *Canfield/Mendon* Counsel, are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

10.     The Settlement Administrator shall have final authority, pursuant to the Plan of Allocation, to determine the share of the Net Settlement Fund to be allocated to each Participant with an active Plan account, Former Participant, Beneficiary, or Alternate Payee.

11.     **Permanent Injunction:**   The Court hereby permanently bars, enjoins, and restrains:

> (a)     Plaintiff Releasors, and any Person purporting to act on their behalf or in concert with them, or asserting a Claim under or through them, from commencing, prosecuting, or asserting, or continuing to prosecute or assert, other than in a timely and proper appeal from an order in this Action to the United States Court of Appeals for the Second Circuit or the United States Supreme Court, any Claims against any Person or entity (including other Plaintiff Releasors), where the Claim is included in, in any way relates to, or arises out of the Released Claims, including in which any Plaintiff Releasor seeks to recover from any Person or entity (including other Plaintiff Releasors): (i) any amounts that any Defendant Releasee has or might become liable to pay to the Settlement Class or any Class Member; and/or (ii) any costs, expenses, or attorneys' fees from prosecuting or defending any Claim by any Class Member.  All such Claims shall be extinguished, discharged, satisfied, and unenforceable.
>
> (b)     Plaintiff Releasors, and any Person purporting to act on their behalf or in concert with them, or asserting a Claim under or through them, from commencing, prosecuting, or asserting, or continuing to prosecute or assert, any Claims in any Arbitration, or any Claims to confirm or to enforce any Arbitration Award, or any Claims to enforce any judgment arising from or in any way related to any Arbitration Award, including, without limitation, any award of damages, attorneys' fees, expenses, or costs, against any Defendant Releasee.  All such Claims shall be extinguished, discharged, satisfied, and unenforceable.
>
> (c)     All Persons who have represented or are representing any Class Member, and any Person purporting to act on their behalf or in concert with them, from commencing, prosecuting, or asserting, or continuing to prosecute or assert, against any Class Members, Class Counsel, Arbitration Counsel, *Canfield/Mendon* Counsel, or Defendant Releasees, in any forum, action, or proceeding of any kind, any Claims for attorneys' fees, expenses or costs

6

in connection with any representation of Class Members arising from or related in any way to the Released Claims, except as set out in Section 13 of the Settlement Agreement and in the manner prescribed by Federal Rule of Civil Procedure 23(h), or in a timely and proper appeal from an order in this Action to the United States Court of Appeals for the Second Circuit or the United States Supreme Court.

12.     The Court finds that entry of the Permanent Injunction, in exchange for the payment of the Total Settlement Payment in accordance with the terms of the Settlement Agreement, is fair and reasonable based on the following considerations, among others: (a) in the absence of the Settlement and Permanent Injunction, Defendants would be unwilling to pay the Total Settlement Payment; (b) permitting further litigation arising out of or relating to the Released Claims, the Settlement, this Action, the Arbitrations, or Related Proceedings could work to the detriment of all Persons interested in the Action, including because such litigation is likely to be complex and to require significant expenditure of time and financial resources, and because such litigation may affect other interested Persons or Class Members; (c) in the absence of a settlement, the Plan and the Class Members might recover substantially less than the Total Settlement Payment from Defendants, or might fail to achieve any recovery; (d) the Total Settlement Payment is fair, reasonable, and adequate taking into account the merits of the claims and potential claims released and Defendants' defenses to those claims and potential claims; and (e) the Settlement Agreement represents a fair and reasonable balancing of the various interests implicated by the Action, the Settlement Agreement, and disputes and controversies related thereto.

13.     This Final Approval Order, Judgment, and Permanent Injunction shall be served by Class Counsel, via email, first class mail, or international delivery service, on any Person or entity that filed an objection to approval of the Settlement or this Final Approval Order, Judgment, and Permanent Injunction, or on their counsel.

14. **Dismissal of Claims:** This Action is dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided herein or in the Settlement Agreement. In addition, the *Su* Action, *Ferguson II*, and the *DST* Action are hereby dismissed with prejudice, with each of those parties to bear their own fees, costs and expenses, as of the Effective Date. As reflected in the Settlement Agreement, the *Cooper* Action, the Arbitrations, any actions filed by any of the Arbitration Claimants against DST in the U.S. District Court for the Western District of Missouri or any other court, and any appeals pending between or among any of the Settling Parties, Arbitration Claimants, and the *Canfield/Mendon* Plaintiffs in the U.S. Courts of Appeals for the Second and Eighth Circuits shall be dismissed by the parties with prejudice and all parties to bear their own fees, costs and expenses within five (5) business days after the Final Approval Order becomes Final.

15. **Binding Effect:** The terms of the Settlement Agreement and of this Final Approval Order, Judgment, and Permanent Injunction shall be forever binding on the Settling Parties, as well as their respective current and former beneficiaries, heirs, descendants, dependents, marital communities, administrators, executors, representatives, predecessors, successors, assigns, and any Person purporting to act on their behalf, and, with respect to certain provisions of the Settlement Agreement as specified therein, on the Secretary, Arbitration Counsel, and *Canfield/Mendon* Counsel.

16. **CAFA:** Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq*. ("CAFA"), a separate notice of the Settlement ("CAFA Notice") was provided to the Attorneys General for each of the states and territories in which a Class Member resides and the Attorney General of the United States. All requirements of CAFA have been met, and Defendants have fulfilled their obligations under CAFA.

17. **Releases:**  The releases given by the Plaintiffs, the Secretary, the Defendants, Arbitration Counsel, and *Canfield/Mendon* Counsel in Sections 4.1–4.10 of the Settlement Agreement (collectively, the "Releases"), are expressly incorporated herein in all respects.  The Releases are effective as of the date of the entry of this Final Approval Order, Judgment, and Permanent Injunction.

18. **No Use of Settlement Agreement in Any Future Proceedings Except to Enforce the Settlement:**  The Settling Parties, the Secretary, Arbitration Counsel, and *Canfield/Mendon* Counsel understand and agree that the Settlement Agreement, as well as this Final Approval Order, Judgment, and Permanent Injunction, embody a compromise and settlement of disputed claims, and that nothing in the Settlement Agreement, including the furnishing of consideration for the Settlement Agreement, or the fact or terms of the Settlement Agreement, shall be treated as an admission or denial or offered, introduced, or otherwise used in any action or proceeding for any purpose, except to enforce the Settlement Agreement and/or this Final Approval Order, Judgment, and Permanent Injunction, including, without limitation, the Permanent Injunction contained therein.

19. **Retention of Jurisdiction:**  Without affecting the finality of this Final Approval Order, Judgment, and Permanent Injunction in any way, this Court retains continuing and exclusive jurisdiction over the Action, the Settling Parties, and the Settlement Class, to resolve any dispute or issue of enforcement relating to the Settlement Agreement and the orders and notices referenced in Section 3 of the Settlement Agreement, including but not limited to the Permanent Injunction and issues regarding validity, performance, interpretation, administration, enforcement, enforceability or termination of the Settlement Agreement.

20. **Modification of the Agreement:** The Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and, if the modification or amendment concerns a provision binding them, signed by or on behalf of the Secretary, Arbitration Counsel, and/or *Canfield/Mendon* Counsel, and approved by the Court.

21. **Termination:** If the Settlement does not go into effect or is terminated as provided for in the Settlement Agreement, then this Final Approval Order, Judgment, and Permanent Injunction, and any orders of the Court relating to the Settlement, shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Settlement Agreement. Nothing in this provision shall be construed to affect the Court's Certification Order or the Court's November 18, 2021 Order granting an injunction, ECF No. 330, as clarified by the Court's February 3, 2022 Order Denying Motion to Stay, ECF No. 369.

22. **Entry of Final Judgment:** There is no just reason to delay entry of this Final Approval Order, Judgment, and Permanent Injunction as a final judgment in this Action. Accordingly, the Clerk of the Court is respectfully directed to enter this Final Approval Order, Judgment, and Permanent Injunction, and to close this case.

**SO ORDERED** this 25th day of October, 2023.

*/s/ Andrew L. Carter*
The Honorable Andrew L. Carter, Jr.
United States District Judge